## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 10-CR-741-4 |
| v. | Judge Mary M. Rowland |
| EDMUND FORREST | |

## MEMORANDUM OPINION AND ORDER

Defendant Edmund Forrest seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing the COVID-19 pandemic and his health risk. (Dkt. 459). The government filed a response in opposition to Forrest's *pro se* motion. (Dkt. 462). For the following reasons, Forrest's motion [459] is denied.

**A. Background Facts**

Between 2008 and 2010, Forrest managed a heroin drug spot in Chicago, Illinois at the intersection of Chicago and Christiana. Dkt. 127 at 3. On November 15, 2010, Forrest, along with others, was charged by complaint in this heroin conspiracy. Dkt. 462 at 1. Days later, Forrest was released on bond. While on bond, Forrest trafficked about 50 guns, in violation of the conditions of his release. Dkt. 241 at 5-6. The record reflect that Forrest brokered the sale of more than 100 firearms between 2008 and 2012. *Id.*

On February 3, 2011, a grand jury returned an indictment against Forrest and the other defendants. Forrest was charged with conspiracy to distribute heroin and one count of possession with intent to distribute heroin. Dkt. 27 at 5. On March 27,

1

2012, Forrest entered into a plea agreement with the government, where he pled guilty to conspiracy to possess with intent to distribute heroin. Dkt. 127 at 2. He agreed to cooperate with the government. Dkt. 462 at 2. On October 30, 2013, Forrest and the government entered into a plea addendum in which the government recommended a sentence of fifteen years of imprisonment, a discount from the Sentencing Guidelines range of thirty years to life. *Id.* On November 24, 2014, the court sentenced Forrest to the mandatory minimum sentence of ten years' imprisonment, followed by five years' supervised release. Dkt. 342 at 2-3.

Forrest is currently serving his 120-month sentence at FCI Sandstone, a low security facility, in Sandstone, Minnesota. According to the Bureau of Prisons (BOP) website, his anticipated release date is September 29, 2022.[1]

**B. Analysis**

Under 18 U.S.C. § 3582(c)(1)(A), this Court may grant a defendant's motion to reduce his term of imprisonment after the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Forrest has exhausted here. Dkt. 462 at 6.

Once the exhaustion requirement is met, the Court may reduce the defendant's term of imprisonment if the Court finds, as relevant here, that 1) "extraordinary and compelling" reasons warrant a sentence reduction; 2) the reduction is consistent with

---

[1] *See* https://www.bop.gov/inmateloc/index.jsp (last visited August 25, 2020).

the factors in 18 U.S.C. § 3553(a); and 3) the reduction would be "consistent with applicable policy statements issued by the Sentencing Commission."18 U.S.C. § 3582(c)(1)(A)(i) & (ii). Forrest bears the burden to establish that he is eligible for such a sentence reduction.

### 1. Extraordinary and Compelling Reasons

The U.S. Sentencing Guidelines Manual outlines what constitutes extraordinary and compelling reasons, including medical condition, age, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). The policy statement "also includes a catch-all provision" providing for a reason "other than, or in combination with" the aforementioned reasons. *Id.* cmt.n.1(D). *See United States v. Cardena*, 2020 WL 2719643, at *3 (N.D. Ill. May 15, 2020). The policy statement was last amended November 1, 2018, before the COVID-19 pandemic.[2] As such, this Court considers § 1B1.13 in conjunction with circumstances created or amplified by the pandemic. These circumstances may include: whether the defendant's health condition "places him at significant risk of complications should he contract the virus;" if there is a "serious [COVID-19] outbreak of infections" at the defendant's prison; and if the "institution is unable to successfully contain the outbreak." *United States v. Downing*, 2020 WL 2789790, at *2 (C.D. Ill. May 29, 2020).

---

[2] A "vast majority" of district courts find that U.S.S.G. § 1B1.13, which was last amended before the Fair Sentencing Act's passage, is "not binding but is, rather, helpful guidance." *Cardena*, 2719643 at *3 (quoting *United States v. Almontes*, 2020 WL 1812713, at *3 (D. Conn. Apr. 9, 2020).

The COVID-19 pandemic is serious and deadly. As of this writing, more than 175,000 people in the United States have died from the novel coronavirus.[3] However, courts have found that the COVID-19 pandemic in and of itself is not an extraordinary and compelling reason warranting compassionate release. *See, e.g., United States v. Shannon*, 2020 WL 3489491, at *2 (N.D. Ill. June 26, 2020); *United States v. Allegra*, 15 CR 243 (N.D. Ill. Apr. 13, 2020), R. 232 at 7; *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("there mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

While COVID-19 alone may not be extraordinary and compelling, a person's underlying health condition(s) and age, in light of the pandemic, may be. *See United States v. Collins*, 2020 WL 3892985, at *3 (N.D. Ill., July 10, 2020) (sarcoidosis and asthma presented an extraordinary and compelling reason for release); *Shannon*, 2020 WL 3489491, at *4 (combination of pre-diabetes, obesity, essential hypertension, and sixty-one years of age presented an extraordinary and compelling reason for release).

Forrest is thirty-eight years old and has asthma.[4] According to the Centers for Disease Control and Prevention (CDC), those with moderate to severe asthma "may

---

[3] *See* https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/us-cases-deaths.html (last visited August 25, 2020).

[4] Forrest did not raise his BMI of 29.8. The CDC reports that a BMI of 30 or above increases the risk of severe COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity. *United States v. Rogers*, 2020 WL 4816053, at *2 (N.D. Ill. Aug. 18, 2020) (Obesity can be an extraordinary and compelling reason for compassionate release.) Having reviewed all of Forrest's medical records, the

be at higher risk of getting very sick from COVID-19."[5] Forrest's medical records reflect that his asthma is "mild intermittent now." Dkt. 463 at 6. He no longer has asthma attacks, and uses an Albuterol inhaler for exercise. *Id.* His asthma appears controlled. Based on current CDC guidance, Forrest's asthma does not present an extraordinary and compelling reason for compassionate release.[6] *See United States v. Council*, 2020 WL 3097461, at *6 (N.D. Ind., June 11, 2020) (forty-nine-year-old with controlled asthma did not present an extraordinary and compelling reason for release); *United States v. Rogers*, 2020 WL 4816053, at *2 (N.D. Ill. Aug. 18, 2020) (obesity, but not well-controlled asthma, presented a health risk; ultimately, request denied due to defendant's crimes and behavior); *United States v. Porter*, 2020 WL 2509105, at *3 (C.D. Ill. May 15, 2020) (forty-year-old with controlled asthma did not present extraordinary and compelling reasons for release); *United States v. Adeyemi*, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020) (thoroughly reviewing defendant's asthma history and scientific evidence; ultimately concluding defendant's mild

---

court finds no basis to find an extraordinary and compelling reason for release, even considering his near obesity and asthma together.

[5] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last visited August 25, 2020).

[6] This Court notes that scientific knowledge of COVID-19 continues to evolve. The CDC does not delineate between allergic and non-allergic asthma. But a recent Harvard study noted that patients with non-allergic asthma "were at higher risk of developing severe illness compared with adults who did not have asthma." Harvard School of Public Health, *Non-Allergic Asthma Linked with Increased Risk of Severe COVID-19*, https://www.hsph.harvard.edu/news/features/non-allergic-asthma-linked-with-increased-risk-of-severe-covid-19/ (June 11, 2020). It appears Mr. Forrest does not have any allergies associated with his asthma.

asthma alone did not present an extraordinary and compelling reason for compassionate release).

In addition, at age thirty-eight, Forrest is outside the age groups at higher risk for severe illness.[7] This is not to say that *no* thirty-eight-year-old may be at higher risk. *Cf Collins,* 2020 WL 3892985, at *12 (defendant was also thirty-eight, an age the Court determined did "not present a high-risk factor," but sarcoidosis and asthma did). Absent another condition, and based on current CDC guidance, this Court does not find Forrest's asthma and age to be extraordinary and compelling reasons for compassionate release. *See Shannon*, 2020 WL 3489491, at *4 (while the Court granted compassionate release, it noted that "if [the defendant] suffered from a single health condition and was younger [he was sixty-one], the Court would deny his motion").

Furthermore, FCI Sandstone, where Forrest is serving his sentence, does not have a COVID-19 outbreak. As of August 25, 2020, three inmates have tested positive.[8] This is an increase from the government's August 10th report of one positive. Dkt. 462 at 2. However, this Court does not consider an increase of two positive cases to be an outbreak. *Cf. United States v. Chapman*, 2020 WL 2850984, at *2 (N.D. Ill. June 2, 2020) (in April, 101 inmates tested positive, and near the end of May, 363 inmates tested positive, which factored into defendant's compassionate release). This

---

[7] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited August 25, 2020).

[8] *See* https://www.bop.gov/coronavirus/ (last visited August 25, 2020).

Court notes that of the 1,040 inmates at FCI Sandstone, 103 have been tested for COVID-19.[9] It is certainly possible that there are more positive cases, given the prevalence of asymptomatic patients and the difficulty of social distancing in prison.[10] However, with the information at hand, and noting the BOP's response to the spread, current conditions in FCI Sandstone do not constitute an outbreak.

Forrest also contends that his parents have "severe underlying conditions and need to be cared for." Absent further detail of these conditions, it is not possible for this Court to determine that they present extraordinary and compelling reasons for compassionate release. Additionally, "family circumstances" warranting early release are typically limited to caring for a minor child, a spouse, or registered partner. U.S.S.G. § 1B1.13 cmt. n.1(C).

*2. 3553(a) Factors*

Since Forrest's asthma does not present an extraordinary and compelling reason for compassionate release, an analysis under 18 U.S.C. § 3553(a) is not warranted. The court will mention the factors briefly for the sake of completeness. They include the defendant's history and characteristics, the seriousness of his offense, the risk of recidivism he poses, the time remaining on his sentence, the quality of his release plan, and the impact of BOP's efforts to maintain the safety of inmates. 18 U.S.C. § 3852(c)(1)(a); U.S.S.G. § 1B1.13.

---

[9] *See* https://www.bop.gov/locations/institutions/sst/ (last visited August 25, 2020); https://www.bop.gov/coronavirus/ (last visited August 25, 2020).

[10] *See* https://wwwnc.cdc.gov/eid/article/26/7/20-1595_article (July 2020).

This Court notes Forrest's cooperation with the government and his positive and proactive behavior while at FCI Sandstone. Additionally, Forrest has served well over half of his sentence. Forrest also says that his family would welcome him home. Dkt. 459 at 2. It also appears Forrest has done well in prison. It is the court's hope that he is rehabilitated and will not reoffend. However, the seriousness of Forrest's criminal conduct is difficult to overstate. While on bond for a heroin conspiracy case involving 90 kilograms, he brokered the sale of more than 50 guns. Dkt. 462 at 2. Forrest also held a higher-level role in the conspiracy, as a manager, and he simultaneously trafficked guns. These are serious offenses. On the present facts, the § 3553(a) factors are an obstacle to Forrest's compassionate release request.

## C. Conclusion

Based on current CDC guidance, Forrest's asthma does not present an extraordinary and compelling reason for compassionate release. If the situation at FCI Sandstone changes significantly or Forrest's health deteriorates significantly, Forrest may seek further relief. As the facts stand now, however, Forrest's request is denied.

E N T E R :

Dated: August 31, 2020

_____
MARY M. ROWLAND
United States District Judge